UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAJOR C BALDWIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-10-188 |
| | § | |
| RICK C THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING IN PART**
**MEMORANDUM AND RECOMMENDATION TO DENY**
**MOTIONS TO STAY AND ABATE AND TO GRANT MOTION**
**FOR SUMMARY JUDGMENT**

On January 27, 2011, United States Magistrate Judge B. Janice Ellington signed a Memorandum and Recommendation recommending that Petitioner's motions to stay and abate (D.E. 20, 27) be denied, that Respondent's motion for summary judgment (D.E. 18) be granted, that Petitioner's petition (D.E. 2) be dismissed, and that Petitioner be denied a certificate of appealability.

On February 14, 2011, Petitioner filed a Request for Court to Grant a Certificate of Appealability (D.E. 34), which the Court interprets as objections to the Magistrate Judge's Memorandum and Recommendation. Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge, with the exception noted below.

The Court declines to adopt the reasoning in the "Desire to Testify" section of the Memorandum and Recommendation. (D.E. 32 at 27-29.) Petitioner states that his "right to testify at his own trial was violated," and that his "attorney would not allow him to testify because he was already serving a probated 5-yr sentence in T.D.C.J." (D.E. 2 at 7.) The Fifth Circuit has explained, "[a] criminal defendant has a constitutional right to testify on his own behalf. This right can be waived only by the defendant, not by his counsel. A waiver of this right must be knowing and voluntary." Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997). The Fifth Circuit "distinguish[es] between interference with th[e] right [to testify] by defense counsel, and interference by the court or prosecutor. . . . [W]here the defendant contends that his counsel interfered with his right to testify, the appropriate vehicle for such claims is a claim of ineffective assistance of counsel." U.S. v. Mullins, 315 F.3d 449, 452 (5th Cir. 2002) (citing Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001)). Thus, the Court must apply the two-part test for ineffective assistance of counsel developed in Strickland v. Washington, 466 U.S. 668 (1984). Id. Strickland requires "that a defendant show both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." Mullins, 315 F.3d at 453 (citing Strickland v. Washington, 466 U.S. 668, 687-94 (1984)).

Here, Petitioner cannot meet the first element of the Strickland test, as he has failed to demonstrate that his counsel's performance was deficient in advising him not to testify. As counsel John Gilmore explained at a hearing on Petitioner's Motion for New Trial, he advised Petitioner not to testify because he had a "bank robbery conviction out of federal court," and the jury would find out about his criminal history if he took the stand. (D.E. 22-10 at 10.) Petitioner cannot show that this advice was in any way

deficient, as a prior conviction is a reasonable basis for advising a criminal defendant not to testify. See Fed. R. Evid. 609. Moreover, Petitioner has not demonstrated prejudice. During the trial, the eyewitness testimony was quite strong, Petitioner's claims as to physical limitations would have been undermined by his history of manual labor, and Petitioner's credibility would have been impeached by his prior conviction. Thus, Petitioner has not demonstrated that his attorney's advice constituted ineffective assistance of counsel. The Court therefore rejects Petitioner's claims regarding denial of his right to testify.

Accordingly, it is ORDERED that Petitioner's motions to stay and abate (D.E. 20, 27-1, 27-2) are DENIED, that Respondent's motion for summary judgment is GRANTED (D.E. 18), that Petitioner's petition is DISMISSED (D.E. 2), and that Petitioner is denied a certificate of appealability.

The clerk shall enter this order and provide a copy to all parties.

SIGNED and ORDERED this 23rd day of February, 2011.

_____
Janis Graham Jack
United States District Judge